# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 14. Motion for Extension of Time

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form14instructions.pdf*

**9th Cir. Case Number(s)** 26-3802

**Case Name** Harro Moen v. SocialChain Inc., et al.

Requesting Party Name(s) Defendants-Appellees

I am:
- ○ The party requesting the extension.
- ◉ Counsel for the party or parties requesting the extension.

I request an extension of time to file a:

- ☒ Brief (*you* ***must*** *also complete the Declaration on page 3*)
- ☐ Motion to proceed in forma pauperis
- ☐ Motion for a certificate of appealability
- ☐ Response/opposition to a pending motion
- ☐ Reply to a response/opposition to a pending motion
- ☐ Certified Administrative Record
- ☐ Response to court order dated
- ☒ Other *(you* ***must*** *describe the document)*

Supplemental Excerpts of Record

The requested new due date is: Jan 29, 2027

I request the extension of time because (**cannot be left blank**):
*(attach additional pages if necessary)*

Please see Attachment 1.

**Signature** /s/ Kenneth P. Nabity **Date** Nov 17, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Recitals in criminal and immigration cases pursuant to Circuit Rule 27-8**
*Complete this section for criminal or immigration cases.*

Previous requests for extension of time to file the document, including any request for a Streamlined Extension of Time under Circuit Rule 31-2.2(a) (*select one*):

- ○ I have **NOT** filed a previous request to extend time to file the document.
- ○ I have previously requested an extension of time to file the document.

This motion is my [ ] request.
*(Examples: first, second)*

Bail/detention status (*select one*):

- ○ The defendant is incarcerated. The projected release date is: [ ].
- ○ The petitioner is detained.
- ○ The defendant/petitioner in this criminal/immigration case is at liberty.

**Signature** [ ] **Date** [ ]
*(use* "s/[typed name]" *to sign electronically-filed documents)*

**Declaration in support of extension to file brief under Circuit Rule 31-2.2(b)**
*Complete this section if you are requesting an extension of time to file a brief.*

1. I request an extension of time to file the answering brief.
*(Examples: opening, answering, reply, first cross-appeal)*

2. The brief's current due date is: Nov 30, 2026

3. The brief's first due date was: Oct 30, 2026

4. A more detailed explanation of why the extension of time to file the brief is necessary: *(Under Circuit Rule 31-2.2(b), a request for extension of time to file a brief must be "supported by a showing of diligence and substantial need" and a conclusory statement as to the press of business does not constitute such a showing. Attach additional pages if necessary.)*

Please see Attachment 1.

5. The position of the other party/parties regarding this request is:

☐ Unopposed.

☒ Opposed by *(name of party/parties opposing this motion):*

☒ Unknown. I am unable to verify the position of the other party/parties because:

Appellant Harro Moen stated that he opposed a stay of the appeal pending the district court's findings, but has not responded regarding an extension.

6. ☒ The court reporter is not in default with regard to any designated transcripts.

If the court reporter is in default, please explain:

7. ☒ I have exercised diligence and I will file the brief within the time requested.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature** /s/ Kenneth P. Nabity **Date** Nov 17, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Attachment 1**

**In Support Of Defendants-Appellees' Request For Extension Of Time**

**Page 1 of 3**

Defendants-Appellees SocialChain Inc., Pi Community Company, Nicolas Kokkalis, and Chengdiao Fan request an extension of time to file their answering brief because the district court has not completed its proceedings, and, thus, the appellate record remains incomplete.

Appellant Harro Moen's operative complaints asserted securities claims and later reincorporated securities-related allegations into non-securities claims. Pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u ("PSLRA"), upon "final adjudication" of an action brought under federal securities law, "the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) . . . as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1). If a court makes a finding that an attorney "violated any requirement of Rule 11(b)" then the court must impose Rule 11 sanctions. *Id.* § 78u-4(c)(2). Before doing so, however, the court must provide "notice and an opportunity to respond." *Id.* As one court has explained, "Section 78u-4(c)(1)'s very use of the term 'record' directly suggest that the proposed Rule 11 findings will be included in the appellate record submitted to the Circuit Court of Appeals for appellate review." *DeMarco v. Depotech Corp.*, 131 F.Supp.2d 1185, 1187 (S.D. Cal. 2001), aff'd. 32 F.App'x 260 (9th Cir. 2002).

As more fully explained in the timeline below, the district court continues to evaluate Appellant's and his former attorney's compliance or non-compliance with Rule 11(b), and has yet to enter Rule 11 findings in the record for eventual submission to the "Circuit Court of Appeals for appellate review." Defendants-Appellees have complied with every request from the district court and will continue diligently preparing their answering brief. A complete appellate record is nevertheless necessary to avoid incomplete or inefficient briefing. Because Defendants-Appellees cannot say when the district court will enter its findings, they seek a reasonable extension that will allow the district court to complete its proceedings and permit the parties to incorporate such findings as they deem appropriate.

**Attachment 1**

**In Support Of Defendants-Appellees' Request For Extension Of Time**



***Relevant Procedural History***

Appellant Harro Moen filed his Complaint on October 24, 2025. (ECF 1.) The Complaint asserted securities claims for (1) sale of unregistered securities in violation of the Securities Act of 1933, 15 U.S.C. §§ 77e, 77l, and (2) securities fraud in violation of Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b-5, alongside five other claims. (Id.) On January 15, 2026, the district court granted Defendants-Appellees' motion to dismiss the two securities claims and a Sarbanes-Oxley whistleblower retaliation claim without leave to amend, while permitting amendment of four other claims. (ECF 29.) Appellant filed three additional complaints. (ECF 31, 32, 36.) The Third Amended Complaint reincorporated securities-related allegations into each of the remaining four claims. (ECF 36.)

On May 13, 2026, the district court granted Defendants-Appellees' motion to dismiss all remaining claims without leave to amend and entered judgment in favor of Defendants-Appellees. (ECF 52 & 53.) Appellant then filed his notice of appeal. (ECF 55.)

On July 9, 2026, the district court issued an order to show cause regarding Rule 11 sanctions, recognizing that the PSLRA states that the court "shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) . . . ." (ECF 60.) The district court's order required Defendants-Appellees to submit additional briefing by July 23, 2026, Appellant and Appellant's former counsel to submit responses by August 6, 2026, and Defendant-Appellees to submit a reply due August 13, 2026. (Id.) All such briefings were submitted. (ECF 62-66.)

On September 30, 2026, Appellant filed his Opening Brief and Excerpts of Record on appeal before this Court. The district court proceedings, however, remained incomplete. Defendants-Appellees received a streamlined 30-day extension to file a Response Brief.

**Attachment 1**

**In Support Of Defendants-Appellees' Request For Extension Of Time**

**Page 3 of 3**

On October 28, 2026, the district court ordered Appellant Harro Moen and his former counsel, Mario Tafur, to submit "additional briefing regarding sanctions" by November 10, 2026, because their prior oppositions failed to address "(1) Moen or Tafur's role in investigating the facts underlying the complaints, or (2) Moen's review or approval of the complaints." (ECF 69.) The district court also permitted Defendants-Appellees to file a response by November 17, 2026, "**which should include a proposal for how the Court should apportion sanctions between Moen and Tafur if it awards them.**" (Id. (emphasis added).)

Appellant filed his response and supporting declaration on November 10, 2026, but Appellant's former counsel filed nothing. (ECF 70.) Defendants-Appellees submitted their response on November 17, 2026.